UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY A. SMITH,

    Plaintiff,

    v.                                      CAUSE NO. 3:23-CV-371-JD-JPK

ST. ANTHONYS HOSPITAL, et al.,

    Defendants.

## OPINION AND ORDER

Jerry A. Smith, a prisoner without a lawyer, filed a complaint alleging a violation of his right to refuse medical treatment after he swallowed a cell phone. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On November 6, 2021, Smith reported to Nurse Kuiper that he had swallowed a cell phone. ECF 1 at 2; ECF 1-1 at 1. Notes suggest he was intoxicated at the time. ECF 1-1 at 1-2. He reported abdominal pain and was given activated charcoal. He was then sent back to his cell and transported to St. Anthony's hospital for further treatment later the same day.

The complaint states that Dr. Liaw and J. Galipeau allowed Smith to be transported to the hospital even though IDOC policy allegedly provides that inmates who have a foreign object in their rectums should be housed in a dry cell for 24-48 hours under supervision and allowed to pass the object. Mr. Smith, however, did not report that he inserted the phone in his rectum; he reported that he swallowed it. Furthermore, Mr. Smith does not have a constitutional right to have all IDOC policies followed; not all policy violations also violate the Constitution. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Therefore, Smith's allegations that Dr. Liaw and J. Galipeau failed to follow IDOC policy do not state a claim. Authorizing a hospital visit so Smith could get medical care after swallowing a cell phone does not violate the Constitution.[1]

Mr. K. Smith was responsible for transporting Smith to the hospital. Smith told Mr. K. Smith that he did not want to go to the hospital, but Mr. K. Smith and Mr. J Brandon Walters transported Smith to the hospital against his will.[2] Smith injured his finger sometime before November 6, 2021, and he asked Mr. K. Smith if he was going to the hospital to have surgery for his finger – Mr. K. Smith said yes even though it was

---

[1] There are very few documented cases of cell phones being swallowed, and the available information suggests that a cell phone is unlikely to pass through the digestive track. *See* Endoscopic Retrieval of an Ingested Mobile Phone From the Stomach of a Prisoner: When Gastroenterologists Answer the Call https://www.ncbi.nlm.nih.gov/pmc/articles/PMC9881799/ (last visited Oct. 27, 2023).

[2] Smith also told these officers that he did not feel safe – it is unclear why Smith did not feel safe or what this allegation has to do with the cell phone he swallowed or the medical care he received.

not true. While it may be morally reprehensible to lie, Smith does not have a constitutional right to either receive honest answers from Mr. K. Smith or avoid being transported to the hospital. Neither Mr. K. Smith nor Mr. J. Brandon Walters administered medical treatment to Smith against his will, and Smith will therefore not be permitted to proceed against them.

Smith is also suing St. Anthony's Hospital and the x-ray technician, doctor, and nurse who cared for him while at St. Anthony's Hospital. To state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (internal quotation marks and citation omitted). The facts do not permit an inference that the hospital or its employees were acting under color of law.[3] Furthermore, the hospital cannot be held liable for a constitutional violation solely because it employs an alleged wrongdoer. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it "cannot be held liable for the unconstitutional acts of their employees unless those acts were

---

[3] To the extent that Smith may have a state law claim against these defendants, this court will not exercise jurisdiction over that claim in the absence of a federal claim. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c).").

carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). Therefore, Smith will not be granted leave to proceed against St. Anthony's Hospital or the x-ray technician, doctor, or nurse who cared for him while at St. Anthony's Hospital.

Smith was charged with a disciplinary offense as a result of the incident on November 6, 2021. Ms. N. Valezquez found him guilty of the offense, and Smith has named her as a defendant in this action. Smith does not indicate what he was charged with or what sanctions were imposed, but he alleges that he was not present for the hearing. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. Due process, however, is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship... in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). If Smith did not lose time credit, then his due process rights were not implicated. If he did lose time credit, he cannot pursue a claim that he was wrongfully charged until the guilty finding is overturned. *See Edwards v. Balisok*, 520 U.S. 641 (1997) ("[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated."). It cannot be plausibly inferred from Smith's complaint that his disciplinary conviction has been overturned. Thus, Smith's allegations do not state a plausible due process claim.

4

The remaining parties that Smith has listed in his complaint are labeled as witnesses: R. Corteylou, RN, Lt. Starks, Lt. Washington, Ms. Mayo, Mr. Gussman, Internal Affairs Witness, Ms. Porter, Ms. Winters, Ms. K Adams, Ms. Salyer, and Nurse Kuiper. Witnesses should not be listed on the complaint in the same area as defendants. Smith does not need to provide a list of witnesses, but if he insists on doing so, the list of witnesses should be separate from his list of defendants. To the extent that he may have intended any of these individuals to be defendants in this action, he has not alleged facts from which it can be plausibly inferred that any of them violated his rights. Therefore, he may not proceed against them.

This complaint does not state a claim for which relief can be granted, and it seems unlikely Smith will be able to state a claim. Nonetheless, if Smith believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jerry A. Smith until **November 30, 2023**, to file an amended complaint; and

(2) CAUTIONS Jerry A. Smith if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 27, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

6