UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY A. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> ST. ANTHONYS HOSPITAL, et al., <br><br> Defendants. | CAUSE NO. 3:23-CV-371-JD-JPK |

OPINION AND ORDER

Jerry A. Smith, without the benefit of counsel, filed an amended complaint against seven defendants when he was an inmate at the Westville Correctional Facility. ECF 30. He alleges violations of his rights after he swallowed a cell phone. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On November 6, 2021, Smith reported to Nurse Kuiper that he had swallowed a cell phone. ECF 30 at 3; ECF 1-1 at 1. He reported abdominal pain and was given activated charcoal. After two hours, Smith was sent back to his cell. Later the same day, Smith was transported for further treatment. He asserts that the treatment he received

at the hospital was against his will. He is suing Warden Galipeau and Dr. Liaw for authorizing his transfer, not following Indiana Department of Correction policy, subjecting him to unconstitutional conditions of confinement following his return, and violating his due process rights. He is suing Officer K. Smith and Sgt. Brandon J. Walters for lying to him and transporting him to the hospital. He is suing Kierre R. Honore, MD, and William D. Winter, RN, for providing medical care against his will after he was transported to the hospital. And, he is suing M. Valezquez, a disciplinary hearing officer who found him guilty of a charge stemming from this incident, for a violation of his due process rights.

Smith faults Warden Galipeau and Dr. Liaw for signing the orders authorizing medical care and allowing him to be transported to the hospital for medical care. Smith does not allege that Warden Galipeau or Dr. Liaw knew he did not want medical care; just that they authorized it. The court has already explained that authorizing a hospital visit so Smith could get medical care after swallowing a cell phone does not violate the Constitution. ECF 29 at 2.

Smith also faults Warden Galipeau and Dr. Liaw for failing to follow an IDOC policy that inmates who have a foreign object in their bodies should be housed in a dry cell under supervision and allowed to pass the object. The court has already explained (ECF 29 at 2) that Smith does not have a constitutional right to have all IDOC policies followed; not all policy violations also violate the Constitution. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental

regulations and police practices."). Therefore, Smith's allegations that Dr. Liaw and Warden Galipeau failed to follow IDOC policy do not state a claim.

Smith also faults Sgt. Brandon J. Walters and Mr. K. Smith for their roles in transporting him to the hospital against his will. Smith claims that Sgt. Walters and Mr. K. Smith misled him by telling him he was being transported to receive care for a different medical situation. Smith still indicated to both officers that he did not want to go. He told Walters he "didn't feel safe and that [they] would probably be in a [sic] accident." ECF 30 at 4. The court has already explained to Mr. Smith (ECF 29 at 3) that, while it may be morally reprehensible to lie, Smith does not have a constitutional right to receive honest answers from the transporting officers. Furthermore, while Smith may not have wanted to be transferred to the hospital, he does not have a right to not be transported, only a right to refuse medical care, and neither Mr. K. Smith nor Mr. J. Brandon Walters administered medical treatment to Smith. Therefore, he may not proceed against them.

Smith is also suing Kierre R. Honore, MD, and Mr. William D. Winters, RN, two medical providers that interacted with Smith at the hospital. Smith says he told them he did not want medical treatment. The court has already explained to Smith (ECF 29 at 3) that, "to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, no matter how discriminatory or wrongful." *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th

3

Cir. 2019) (internal quotation marks and citation omitted). The facts do not permit an inference that these individuals were acting under color of law.[1] Therefore, Smith will not be granted leave to proceed against these defendants.

Smith faults Warden Galipeau and Sgt. Walters for briefly assigning him to a dry cell (a cell without a sink, toilet, or shower) when he returned from the hospital. It is unclear who was responsible for making decisions about where Smith was housed upon his return. But even if this was a decision made by both Sgt. Walters and Warden Galipeau, being housed in a dry cell does not violate the Constitution.

Smith was charged with a disciplinary offense (WCC 21-11-141) related to the November 6, 2021, incident. Smith alleges that he did not receive notice of the hearing and was not present at the hearing. Ms. N. Valezquez found him guilty of the offense, and Smith lost good time credit. That finding of guilt was overturned on October 19, 2023. *See Smith v. Warden*, 3:23cv356 (ECF 36). Smith is suing Ms. N. Valezquez for a violation of his due process rights.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. Due process, however, is only required when punishment extends the duration of confinement or imposes "an atypical and significant hardship… in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here,

---

[1] Smith also faults Kierre R. Honore, MD, and Mr. William D Winters, RN, for the manner he was confined upon his return to Westville and the loss of earned credit time. The medical staff at the hospital is not responsible for decisions regarding Smith's housing at the prison or decisions regarding disciplinary charges.

4

Smith's term of confinement was extended until the good time credit was restored. *See Burnett v. Butts*, No. 22-1198, 2023 WL 5276605, at *2 (7th Cir. Aug. 16, 2023) ("Burnett is correct that his loss of good-time credits deprived him of a protected liberty interest during the period that the prison withheld them."). Here, Smith has adequately alleged that Ms. N Valezquez deprived him of good time credits without due process. Therefore, he may proceed against Ms. N. Valezquez.

Smith also asserts Warden Galipeau violated his due process rights. Smith does not allege that Warden Galipeau was directly involved in the disciplinary hearings. There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Therefore, he may not proceed against Warden Galipeau on a due process claim.

For these reasons, the court:

(1) GRANTS Jerry A. Smith leave to proceed against Ms. N. Valezquez in her individual capacity for nominal, compensatory, and punitive damages for finding him guilty of a disciplinary offense resulting in a loss of good time credit on January 3, 2021, in the absence of the notice required by due process, in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Warden Galipeau, Dr. Liaw, Officer K. Smith, Sgt. Brandon J. Walters, Kierre R. Honore, MD, and William D. Winter, RN,;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ms. N. Valezquez at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 30);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if she does not waive service and it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ms. N. Valezquez to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 20, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT