UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY A. SMITH,

    Plaintiff,

       v.                                                        CAUSE NO. 3:23-CV-371-JD

M. VELAZQUEZ,

    Defendant.

<u>OPINION AND ORDER</u>

Jerry A. Smith, a prisoner without a lawyer, is proceeding in this case against Disciplinary Hearing Officer ("DHO") Margarita Velazquez "in her individual capacity for nominal, compensatory, and punitive damages for finding him guilty of a disciplinary offense resulting in a loss of good time credit on January 3, 2022, in the absence of the notice required by due process, in violation of the Fourteenth Amendment[.]" ECF 57 at 5. DHO Velazquez filed a motion for summary judgment, arguing summary judgment is warranted in her favor because Smith was afforded the due process protections guaranteed in *Wolff v. McDonnell*, 418 U.S. 539 (1974), before he was deprived of his good time credits. ECF 106.

When this court screened this case, it noted Smith's good time credits had later been restored, but concluded he still could proceed on a due process claim because his "term of confinement was extended until the good time credit was restored." ECF 57 at 4-5; citing *Burnett v. Butts*, No. 22-1198, 2023 WL 5276605, at *2 (7th Cir. Aug. 16, 2023) ("Burnett is correct that his loss of good-time credits deprived him of a protected liberty

interest during the period that the prison withheld them. The subsequent return of his credits does not negate his claim because prisoners may not seek damages for procedurally flawed hearings that deprive them of their liberty in good-time credits unless and until the deprivation is overturned."). However, after DHO Velazquez filed her summary judgment motion, the Seventh Circuit published its opinion in *Torres v. Brookman*, 155 F. 4th 952 (7th Cir. 2025), which conflicts with that holding in the unpublished *Burnett* opinion. *See* Seventh Circuit Rule 32.1(b) (unpublished opinions are not "the law of the circuit" and "are not treated as precedents."). In *Torres*, the Seventh Circuit analyzed the concurring opinion in *Adams v. Reagle*, 91 F.4th 880, 887 (7th Cir. 2024), and concluded that an inmate whose good time credits have been restored no longer has a valid due process claim related to the loss of those good time credits.

Due to the holding in *Torres*, this court issued a Rule 56(f) notice to both parties noting that, because it is undisputed Smith's good time credits have been restored, it appears he no longer has a valid due process claim under *Torres*. ECF 143. The court instructed both parties to file a single brief analyzing the application of *Torres* to this case, and advised Smith the court may enter summary judgment on the grounds that he no longer has a valid due process claim under *Torres*. *Id.* Both parties have now filed briefs in response to the Rule 56(f) notice. ECF 144, 150. The issue is now fully briefed and ripe for ruling.

Here, it remains undisputed that Smith's good time credits at issue in this case have been restored. *See* ECF 57 at 4; *Smith v. Warden*, 3:23-cv-356 at ECF 36, 40

(dismissing Smith's habeas petition challenging the loss of his good time credits as moot because IDOC had vacated those sanctions and restored his good time credits). The Director of IDOC Sentence Computation and Release attests that, though there was a procedural error which caused an unintentional delay in restoring Smith's good time credits, his good time credits were restored as of December 13, 2023, and his credit class had been corrected. ECF 107-2. Smith was then released on parole on April 4, 2024. ECF 107-1 at 13-14, 93; ECF 151-1 at 31.

In his brief, Smith does not provide any facts indicating the holding in *Torres* does not apply to this case, or that he still has a valid due process claim under *Torres*. ECF 144. Instead, he argues that under Indiana law he still has a protected liberty interest in his good time credits even though they were later restored (ECF 144 at 1-2), but this argument directly conflicts with the holding in *Torres*. *See Torres*, 155 F. 4th at 959 ("because Adams's good time credits had been restored by the habeas case," he no longer had a valid due process claim related to the loss of those good time credits and the only remaining issue was "whether he should have received more process for his transfer to a more restrictive prison setting").[1] Smith also argues that *Torres* "reinforces" his due process claim because it addresses similar procedural due process violations. ECF 144 at 3. But, as noted in the court's Rule 56(f) notice, *Torres* does not reinforce Smith's due process claim but rather holds he no longer has a viable due process claim

---

[1] *Torres* holds that an inmate is still entitled to some lesser and "informal" due process protections if he suffered "an atypical and significant hardship" due to being placed in disciplinary segregation. *See Torres*, 155 F. 4th at 956-57. The standard for an "atypical and significant hardship" is dependent on the combined duration and conditions of confinement the inmate experienced in disciplinary segregation. *See id.* Smith does not argue or provide any evidence he suffered an "atypical and significant hardship" from being placed in disciplinary segregation.

because his good time credits were later restored. ECF 143 at 2. Accordingly, Smith has not provided any argument or evidence indicating he still has a viable due process claim under *Torres*.

After DHO Velazquez filed her brief in response to the Rule 56(f) notice, Smith filed an unauthorized response to DHO Velazquez' brief, in which he raises a different argument. ECF 151. In his unauthorized response, Smith argues that even though his good time credits were later restored, he still suffered a deprivation because the delay in restoring his good time credits may have resulted in postponing his parole date and, therefore, he did not receive the full benefit of having his good time credits restored. ECF 151 at 1, 5. The Director of IDOC Sentence Computation and Release concedes a procedural error caused an unintentional delay in restoring Smith's good time credits. ECF 107-2 at 1-2. But while Smith may have a claim against some party for failing to timely and adequately restore his good time credits, this does not change the fact that he no longer has a valid due process claim against DHO Velazquez under *Torres*. Specifically, the fact that there was a delay in implementing the restoration of Smith's good time credits does not change the fact that his good time credits were restored, meaning he no longer has a valid due process claim related to the loss of his good time credits under *Torres*. *See* ECF 107-2 at 1-2 (attesting that she removed the grievous losses given in Smith's disciplinary hearing case as of December 13, 2023); *Torres*, 155 F.4th at 959 (concluding an inmate whose good time credits were reinstated no longer had a valid due process claim in his good time credits, even though he had to spend two years in restrictive housing before those credits were reinstated). The fact that a prison

4

employee failed to timely restore Smith's good time credits, even if resulting in a delay of his release, may give Smith a claim against that employee, but it does not impact his due process claim against DHO Velazquez.  Summary judgment is therefore warranted in favor of DHO Velazquez on Smith's due process claim.

For these reasons, the court:

(1) GRANTS summary judgment in favor of DHO Velazquez pursuant to Fed. R. Civ. Proc. 56(f); and

(2) DIRECTS the clerk to enter judgment in favor of DHO Velazquez and against Jerry A. Smith and to close this case.

SO ORDERED on March 13, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

5